# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| VELOCITY COMMUNICATION TECHNOLOGIES, LLC, | Civil Action No. 5:25-cv-00101-RWS |
| *Plaintiff,* | |
| v. | **JURY TRIAL DEMANDED** |
| CISCO SYSTEMS, INC., | |
| *Defendant.* | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S FED. R. CIV. P. 12(c) MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant's Rule 12(c) Motion for Judgment on the Pleadings should be denied as moot.  On July 9, 2025, Plaintiff Velocity Communication Technologies, LLC ("Plaintiff" or "Velocity") filed its Complaint in this case against Defendant Cisco Systems, Inc. ("Defendant" or "Cisco").  On September 19, 2025, Defendant filed (1) an Answer to the Complaint (Dkt. No. 16), and (2) a Rule 12(c) Motion for Judgment on the Pleadings.  Dkt. No. 18.

Both to add additional asserted claims to certain patents-in-suit, and to address perceived infirmities in the Original Complaint, Velocity has amended its Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).  Under that rule, Plaintiff may amend its pleading once as a matter of course "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiff filed its First Amended Complaint ("FAC") (Dkt. No. 22) within 21 days of being served with Defendant's Answer.  Accordingly, Plaintiff's FAC, which was filed on October 2, 2025 (13 days after the September 19, 2025 Answer), was timely filed pursuant to Federal Rule of Civil Procedure 15(a)(1)(B).

Velocity's FAC includes additional asserted claims in Counts IV, V, VI, VII, VIII, and IX, as well as additional factual allegations directly bearing on the issues raised in Defendant's Partial Motion to Dismiss.  Pursuant to Fed. R. Civ. P. 15(a)(1)(B), the FAC became the operative complaint, rendering Defendant's Rule 12(c) Motion for Judgment on the Pleadings moot.  *See, e.g., Stragent v. BMW of N. Am., LLC*, 2017 U.S. Dist. LEXIS 156076, at *3-4 (E.D. Tex. Mar. 27, 2017) (Schroeder, J.) (denying a motion to dismiss as moot because "[a]n amended complaint supersedes the original complaint and renders the

original complaint as having no legal effect.") (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)); *Oscar Private Equity Invs. v. Allegiance Telecom*, 2004 U.S. Dist. LEXIS 4169, *7-8 (N.D. Tex. Mar. 17, 2004) (explaining "Plaintiffs inform the Court that they intend to file an amended complaint and that the amended complaint will set forth additional allegations . . . Because Plaintiffs will file an amended complaint, Defendants' Motion to Dismiss is DENIED as moot.").  In addition to Rule 12(b) motions to dismiss, a properly amended complaint moots motions for judgment on the pleadings under Rule 12(c) as well.  *See Intercurrency Software LLC v. Foris DAX Asia PTE. Ltd.*, 2025 U.S. Dist. LEXIS 17377, at *1-2 (E.D. Tex. Jan. 31, 2025) (Judge Gilstrap denying a Rule 12(c) motion as moot in light of a subsequently filed amended complaint, explaining "It is well established that a later-filed amended pleading moots a Rule 12 motion challenging an earlier-filed pleading. . .) (citing *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 797 (5th Cir. 2017) ("Once filed, that amended complaint rendered all earlier motions moot.") (additional citations omitted)).

Because the First Amended Complaint has superseded the Original Complaint and become the operative pleading, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss the Original Complaint as moot.  *Stragent*, 2017 U.S. Dist. LEXIS 156076, at *3-4; *Intercurrency*, 2025 U.S. Dist. LEXIS 17377, at *1-2.  Plaintiff is optimistic that Defendant's arguments for judgment on the pleadings in its Motion are mooted in light of the First Amended Complaint.  However, if Defendant files a motion directed to the First Amended Complaint, Plaintiff intends to substantively respond to any such motion at the proper time.

Dated:  October 3, 2025

Respectfully submitted,

/s/  Daniel P. Hipskind
Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Erin E. McCracken (CA SB No. 244523)
BERGER & HIPSKIND LLP
9538 Brighton Way, Ste. 320
Beverly Hills, CA 90210
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: eem@bergerhipskind.com

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com

*Attorneys for Velocity Communication Technologies, LLC*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on October 3, 2025, a copy of the foregoing document was served on all counsel who have appeared in this case via email.

/s/ Daniel P. Hipskind
Daniel P. Hipskind

3